UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMAREE JAMES,

    Plaintiff,

v.

EVERETT FINANCIAL, INC., et al.,

    Defendants.

CIVIL ACTION NO.
1:23-CV-05115-JPB

## **ORDER**

This matter comes before the Court on Plaintiff's *pro se* Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction, and Declaratory Relief [Doc. 2] and a *sua sponte* review of subject matter jurisdiction. This Court finds as follows:

### **BACKGROUND**

On November 6, 2023, Plaintiff filed his Complaint with this Court. [Doc. 1]. In the Complaint, Plaintiff brings causes of action for lack of standing/wrongful foreclosure, breach of contract, quiet title, and seeks a temporary restraining order, injunctive relief and declaratory relief. [Doc. 1]. Also on November 6, 2023, Plaintiff filed the instant Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction, and

Declaratory Relief. [Doc. 2]. Plaintiff seeks to stop a foreclosure scheduled for the property located at 6470 St. Mark Way in Fairburn, Georgia, 30213. See [Doc. 1]; [Doc. 2].

**ANALYSIS**

As a threshold matter, the Court must always consider the question of whether it has subject matter jurisdiction to hear a case, even if no party raises it. See Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 94–95. Federal courts are courts of limited jurisdiction. Mirage Resorts, Inc. v. Quite Nacelle Corp., 206 F.3d 1398, 1400 (11th Cir. 2000). As such, district courts may exercise jurisdiction in limited circumstances, such as where the parties are diverse and where the case presents a federal question. See 28 U.S.C. §§ 1331, 1332. The existence of a federal question must appear on the face of the complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

In his Complaint, Plaintiff brings state law claims and appears to assert that jurisdiction is proper pursuant to Georgia's "State Constitution and statute[s]." [Doc. 1, pp. 2, 8–13]. Although Plaintiff's Complaint makes passing references to federal law, these references do not provide the basis for Plaintiff's claims such that subject matter jurisdiction would be supported under 28 U.S.C. § 1331. See [Doc. 1, pp. 4, 7–9, 11]. Therefore, the face of the

complaint does not establish that the Court has federal question jurisdiction in this case.

Plaintiff also has failed to allege sufficient facts to support diversity jurisdiction. Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiff appears to be a Georgia citizen. [Doc. 1, p. 2]. Plaintiff's Complaint includes a non-exhaustive list of Defendants but fails to identify the citizenship of these Defendants. [Doc. 1, pp. 2–3]. The Court has concerns that some of the Defendants are also Georgia citizens. Indeed, Plaintiff's Verified Emergency Petition for Temporary Restraining Order and Preliminary Injunction [Doc. 2] even alleges that one Defendant is "a corporation duly organized and existing under the laws of Georgia." [Doc. 2, p. 2]. Additionally, Plaintiff's non-exhaustive list of Defendants gives the Court pause, as there is no guarantee the non-ascertained Defendants will not be Georgia citizens. [Doc. 1, p. 3]; [Doc. 2, p. 3]. For the foregoing reasons, the Court finds that Plaintiff has failed to establish diversity jurisdiction in this case.

Since Plaintiff has failed to meet his burden to establish that this Court has jurisdiction to hear his case, the Court **DISMISSES** this action without prejudice for lack of subject matter jurisdiction. Plaintiff may file an amended

complaint no later than December 15, 2023. The Clerk is **DIRECTED** to resubmit the matter on December 18, 2023, if Plaintiff has not filed an amended complaint.

    **SO ORDERED** this 22nd day of November, 2023.

_____
J. P. BOULEE
United States District Judge